**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CV-05-882-PHX-SMM (LOA) |
| Plaintiff/Respondent, ) | **MEMORANDUM OF DECISION AND ORDER** |
| v. ) | |
| FRANCISCO GONZALEZ-CISNEROS,) | |
| Defendant/Movant.. ) | |

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody pursuant to 28 U.S.C. § 2255 [Doc. No. 150] and Motion for Order Granting Immediate Release [Doc. No. 160]. On March 23, 2005, this matter was referred to Magistrate Judge Magistrate Judge Lawrence O. Anderson for a Report and Recommendation. [Doc. No. 151]. On October 6, 2005, Magistrate Judge Lawrence O. Anderson filed a Report and Recommendation, advising this Court that Movant's Motion to Vacate [Doc. No. 150] and Motion for Order Granting Immediate Release [Doc. No. 178] should be denied. On October 20, 2005, Movant filed an Objections to the Report and Recommendation [Doc. No. 183].

## BACKGROUND

On July 10, 2002, Movant was convicted (following a jury trial) of one count of Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Methamphetamine in violation of 21 U.S.C. § 846, and one count of Possession with Intent to Distribute 500 Grams or More of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and

18 U.S.C. § 2. (Docs. No. 7, No. 102) On September 23, 2002, the district court sentenced Movant to 135 months on each count, to run concurrently, followed by five years of supervised release. He was also ordered to pay a special assessment of $ 200. (Doc. No. 107, Doc. No. 108).

Movant appealed, and on November 17, 2003, the Ninth Circuit affirmed. See United States v. Gonzalez-Cisneros, 81 Fed. Appx. 673 (9th Cir. 2003). Movant sought review of his appeal en banc. On March 31, 2004, the Ninth Circuit denied Movant's petition for en banc review.[1]

Thereafter, Movant filed the pending § 2255 Motion [Doc. No. 150] alleging the following claims for relief: (1) the district court's determination of his criminal history category violated the Sixth Amendment under the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), and Shepard v. United States, ___ U.S.___, 125 S.Ct. 1254 (2005); (2) trial and appellate counsel rendered ineffective assistance; and (3) his sentence was void *ab initio* under United State v. Booker, 543 U.S. ___, 125 S.Ct. 738 (2005). On August 4, 2005, Movant filed the pending Motion for Order Granting Immediate Release [Doc. No. 178] which Magistrate Judge Anderson construed as a supplement to his § 2255 motion.

**STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). The Court must review the legal analysis in the Report and Recommendation *de novo*. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation *de novo* for those facts to which Objections are filed and for clear error for those facts to which no Objections are filed. See id.; see also Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998) (failure to file objections relieves the district court of conducting *de novo* review of the magistrate's factual findings).

---

[1] The Court notes that the record is void of any evidence that Defendant filed a writ of certiorari.

## DISCUSSION

Movant objects to Magistrate Judge Anderson's Report and Recommendation on four grounds, three of which relate to the Magistrate Judge Anderson's interpretation of United States v. Booker, ___U.S. __, 125 S.Ct. 738 (2005) and the fourth relates to Magistrate Judge Anderson's interpretation of United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005).[2]

*1. Booker*

Movant asserts his sentence was void *ab initio* under United State v. Booker based on a myriad of arguments including: 1) Booker announced a new substantive rule and therefore should be applied retroactively to his final conviction under Schriro v. Summerlin, 542 U.S. 348 (2004); 2) Booker placed certain kinds of primary private conduct beyond the power of the criminal law-making authority to proscribe and should be applied retroactively to his final conviction under Teague v. Lane, 489 U.S. 288, 307 (1989) (plurality opinion); and 3) Magistrate Judge Anderson failed to recognize that Justice Breyer's majority opinion addressing the remedy for the sixth amendment violation is "facially" unconstitutional.

The Ninth Circuit has recently found that Booker does not operate retroactively and does not meet any of the Teague exceptions. United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005). The Ninth Circuit specifically noted that the Supreme Court's holding in Booker is procedural rule. Id. Accordingly, Movant's arguments that Booker announced a substantive rule or in the alternative should be applied retroactively under the exceptions set forth in Teague fail under existing Ninth Circuit precedent.

It is also clear from the record that Movant exhausted his direct review prior to the Supreme Court's decision in Booker. The Supreme Court has stated that both its Sixth Amendment holding and remedial interpretation of the Sentencing Act apply to all cases on direct review. Booker, 125 S.Ct. at 769. Additionally, the Ninth Circuit has clearly held that

---

[2] Movant filed no objections to Magistrate Judge Anderson's findings that his counsel was not ineffective, or his findings that Movant's Blakely, Shepard, and Apprendi claims fail.

1  Booker does not apply retroactively to cases on collateral review, as has every other Circuit that
2  had addressed this issue as of September 16, 2005. Cruz, 423 F.3d at 1121. Accordingly, the
3  Court finds that Magistrate Judge Anderson properly interpreted Booker not to apply
4  retroactively to Movant's conviction.

5  Movant also contends that Magistrate Judge Anderson improperly failed to recognize
6  that Justice Breyer's majority opinion addressing the remedy for the sixth amendment violation
7  is "facially" unconstitutional. The Ninth Circuit has clearly stated that a judge "may not
8  respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals
9  who have ruled on a controlling legal issue, or with Supreme Court Justices writing for a
10 majority of the Court." Hart v. Massanari, 266 F.3d 1155, 1170 (2001). Accordingly, the
11 Court finds that Magistrate Judge Anderson properly and dutifully followed existing precedent
12 and will do the same.

13 Thus, the Court finds Magistrate Judge Anderson correctly found that Movant's claims
14 based on Booker fail.

15 *2. Ameline*

16 Movant also asserts that Magistrate Judge Anderson misconstrued Ameline to apply only
17 to cases on direct appeal and that the en banc panel of the Ninth Circuit based their decision in
18 Ameline on at least one erroneous premise.

19 In Ameline, the Ninth Circuit adopted a limited remand procedure to examine the
20 existence of plain error in pre-*Booker* sentencing appeals. Ameline, 409 F.3d at 1086. Since
21 the Ninth Circuit has stated that Booker does not apply retroactively and Ameline sets forth the
22 Ninth Circuit's method to implement the Supreme Court's limited remand procedure in Booker,
23 the Court finds that Magistrate Judge Anderson properly concluded that Movant's Ameline
24 claim fails.

25 Regarding Movant's claim that Ninth Circuit based their decision in Ameline on at least
26 one erroneous premise, the Court finds that Magistrate Judge Anderson properly followed
27 existing Ninth Circuit precedent.

28 *3. Ineffective Assistance of Counsel, Blakely, Shepard, and Apprendi Claims*

1  Having reviewed the other legal conclusions of the Report and Recommendation of the
2  Magistrate Judge, and no objections having by Movant as to these conclusions, the Court hereby
3  adopts these conclusions.

## CONCLUSION

After review of the legal conclusions of the Report and Recommendation of Magistrate Judge Anderson, and the objections made by Movant thereto, the Court hereby incorporates and adopts Magistrate Judge Anderson's Report and Recommendation.

Accordingly,

**IT IS ORDERED** that the Court adopts the Report and Recommendation of Magistrate Judge Lawrence O. Anderson [Doc. No. 178]

**IT IS FURTHER ORDERED** that Movant's Motion for Order Granting Immediate Release [Doc. No. 160] is DENIED.

**IT IS FURTHER ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody pursuant to 28 U.S.C. § 2255 [Doc. No. 150] is DENIED and this action is DISMISSED WITH PREJUDICE.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this case.

DATED this 28th day of November, 2005.

_____
Stephen M. McNamee
Chief United States District Judge